```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES A. DINGLE,            )
                              )
           Plaintiff,         )         9:98CV1079
                              )
     v.                       )
                              )
                              )
ROBERT N. VOSPER,             )         MEMORANDUM AND ORDER
                              )
           Defendants.        )
_____)
```

This matter is before the Court on plaintiff's motion in limine (Filing No. 138) filed on July 5, 2005. In his motion, plaintiff seeks to exclude presentation of evidence of his felony criminal history and his prison disciplinary record by the defendant under Federal Rules of Evidence 609 and 403(b) because it is unfairly prejudicial to the plaintiff. Conversely, the defendant asserts that this evidence is necessary because it helps to explain the defendant's state of mind at the time that the plaintiff threatened him, saying that the defendant was "signing his own death warrant." The Court has reviewed said motion as well as the memoranda in support and opposition. The Court finds that the motion in limine should be denied.

Plaintiff asserts that under FRE 609, his past felony convictions should not be admissible if the convictions occurred more than ten years ago. FRE 609(b) provides in part:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or

>       of the release of the witness from
>       the confinement imposed for that
>       conviction, whichever is the later
>       date, unless the court determines,
>       in the interests of justice, that
>       the probative value of the
>       conviction supported by specific
>       facts and circumstances
>       substantially outweighs its
>       prejudicial effect.

In the present case, the plaintiff is still incarcerated as a result of the felony convictions which the defendant seeks to introduce.  Thus, the felony convictions are admissible under Rule 609 against the plaintiff so long as the probative value of this evidence is not substantially outweighed by its prejudicial impact.

Here, plaintiff's record of conviction for violent felonies is clearly probative to the issue of the defendant's state of mind at the time the plaintiff threatened him.  Plaintiff told the defendant that he was "signing his own death warrant."  The probative value of this evidence is not substantially outweighed by the prejudicial effect where the plaintiff's incarceration at the time of the incident is apparent.  Therefore, plaintiff's felony conviction record is admissible under Rule 609.

Plaintiff also seeks to exclude evidence of his prison disciplinary record under Rule 403.  The balancing test is the same as that used for plaintiff's felony record, in that his prison disciplinary record is admissible under Rule 403(b) if the

probative value of the evidence is not substantially outweighed by the risk of unfair prejudice.  Here, the defendant had personal knowledge that the plaintiff had violently attacked another inmate on February 21, 1998.  The defendant had witnessed the extent of the injuries inflicted by the plaintiff.  Now, less than two months later, the plaintiff tells the defendant that "he has signed his own death warrant."  Therefore, plaintiff's prison disciplinary record is relevant and probative because it helps to explain the defendant's state of mind when he was threatened by the plaintiff.  By bringing this action, plaintiff has put defendant's interpretation of the "death warrant" statement at issue.  The defendant's knowledge of plaintiff's violent tendencies becomes relevant and probative so that the prejudice to the plaintiff does not substantially outweigh the probative value of the plaintiff's prison disciplinary record.  Therefore, plaintiff's motion in limine should be denied.  Accordingly,

IT IS ORDERED that plaintiff's motion in limine (Filing No. 138) is denied.

DATED this 27th day of September, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court

-3-